**WORDSWORTH ROBERTS, Petitioner**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Respondent**

v.

**PUBLIC EMPLOYEES RELATIONS BOARD,**
**Additional Potential Petitioner**

Civil No. 719/1995

Territorial Court for the Virgin Islands

Division of St. Croix

February 3, 2003

EDWARD H. JACOBS, ESQ., Brady & Jacobs, Christiansted, St. Croix, U.S. Virgin Islands, *Attorney for the Petitioner*

RICHARD S. DAVIS, ESQ., Asst. Attorney General-Labor, Office of Collective Bargaining, St. Thomas, U.S.V.I., *Attorney for the Respondent*

ROSS, *Judge*

## MEMORANDUM OPINION

(February 3, 2003)

THIS MATTER is before the Court on Wordsworth Roberts's ("Roberts") petition to enforce an order of the Public Employees Relations Board ("PERB"), the Government of the Virgin Islands's ("Government") motion to dismiss, and PERB's petition to enforce its June 23, 1995 order and for summary judgment. For the following reasons the Court will deny Roberts's petition, deny the Government's motion to dismiss Roberts's petition, and grant PERB's petition to enforce its June 23, 1995 order and motion for summary judgment.

Petitioner Roberts was employed with the Government's Department of Justice, Bureau of Corrections until he was suspended without pay on July 7, 1988, and subsequently terminated on February 11, 1991. On November 23, 1992, Roberts and the Government entered into an arbitration agreement signed by Daryl Dean Donohue, Esq., Managing

174

Attorney for the Office of the Attorney General of the United States Virgin Islands, Eszart Wynter, Esq., Counsel for Roberts, Valdemar Hill, Arbitrator, and Petitioner. The parties agreed that Roberts would receive back pay from July 7, 1988 until he commences receiving retirement benefits. However, the Government failed to abide by the agreement, and Roberts filed an unfair labor practice claim with the PERB. On January 5, 1995, the Government, by Richard Davis, Esq., Asst Attorney General for the Virgin Islands, signed a stipulation agreement with Roberts and agreed to comply with the arbitrator's award of November 23, 1992 with "reasonable promptness." Roberts then agreed to withdraw the unfair labor practice claim against the Government. Thereafter, the Government took no action to comply with the arbitrator's order. However, Roberts did comply with the stipulation agreement by withdrawing his claim for unfair labor practice on the good faith belief that the Government would comply with the stipulation agreement. On June 23, 1995, the PERB issued an enforcement order against the Government. On July 10, 1995, the Government filed a motion with the PERB for modification of the Enforcement Order. On August 31, 1995, Roberts filed his motion with the Court requesting enforcement of the November 23, 1992 arbitration settlement agreement. On February 16, 1996, the PERB filed its Petition to Enforce Order of the PERB with the Territorial Court of the Virgin Islands.

■ Title 24 of the Virgin Islands Code § 380(a) provides that a party aggrieved by any final order of the PERB may appeal to the Territorial Court of the Virgin Islands for judicial review of such order and *must* do so within 20 days of the date of the final order. A review of the record indicates that neither the Government nor Roberts appealed to the Territorial Court within 20 days of the PERB's final order. To that end, the Court must now determine whether the June 23, 1995 PERB Order can be enforced and by whom. 24 V.I.C. § 379(b) provides that the PERB may request the Territorial Court of the Virgin Islands to enforce any order issued pursuant to its powers under this chapter. Accordingly, a petition to enforce a PERB order must be brought by the PERB. Roberts has no authority to move to enforce the PERB's order, nor has he been duly qualified as an individual who can bring a petition on behalf of the PERB. Therefore, Robert's petition to enforce the PERB's June 23, 1995 order is not properly before the Court and must be denied.

■ The Government asserts that its motion to dismiss should be granted because the PERB order sought to be enforced is not a final order because the Government filed a motion to reconsider. The PERB and Roberts both filed an opposition and asserted essentially the same argument—the PERB Act does not afford an aggrieved the opportunity to toll the time limit set for appeals by filing a motion to modify or reconsider a PERB order. The Court agrees. Nowhere in the PERB Act does it allow for such a procedure. In fact, it is quite clear that if a party is aggrieved by a decision of the PERB, its only recourse is to appeal to the Territorial Court within 20 days from the date of the order for judicial review. Therefore, the June 23, 1995 PERB Order is a final appealable order to which the Government did not appeal, and the Government's motion to dismiss must be denied.

■ The PERB has filed a motion to enforce its June 23, 1995 Order and a motion for summary judgment. As previously indicated, 24 V.I.C. § 379(b) allows for the PERB to request the Territorial Court to enforce its orders issued pursuant to its powers under the PERB Act. The Court may enforce any order of the PERB it deems just and proper and enter a decree enforcing, modifying and enforcing as so modified, or setting aside, in whole or in part, the order of the PERB. 24 V.I.C. § 379(b). A review of the record indicates that the PERB's order was just and proper, and the law justifies enforcement. Therefore, the PERB's motion to enforce its June 23, 1995 order must be granted. Regarding the PERB's motion for summary judgment, 24 V.I.C. § 380(a) provides, in pertinent part, that "an application not filed in a timely manner *shall* entitle the prevailing party to summary judgment enforcing the final order of the PERB." (*Emphasis added.*) A review of the record indicates that the Government did not file a timely application for judicial review with the Court. Instead it filed a motion to reconsider or modify the order with the PERB. Accordingly, the PERB is entitled to judgment as a matter of law.

The premises considered, and the Court otherwise being fully advised, it is hereby ORDERED that Petitioner Roberts petition to enforce the June 23, 1995 PERB Order is DENIED; it is FURTHER ORDERED that Respondent Government's motion to dismiss Petitioner Robert's Petition to enforce the June 23, 1995 PERB Order is DENIED; it is FINALLY ORDERED that the PERB's motion for summary judgment is GRANTED, its petition to enforce its June 23, 1995 Order is GRANTED, and the Government shall comply fully with the arbitration

agreement dated November 23, 1992 and confirmed by the Government on January 5, 1995.